PATIENT, Plaintiff,

v.

Michael W. CORBIN, M.D., Defendant.

Civ. A. No. 98–624–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Aug. 11, 1998.

Kenneth Edward Labowitz, Dingman Labowitz, PC, Alexandria, VA, for Plaintiff.

Richard Lincoln Nagle, Crews & Hancock PC, Fairfax, VA, for Defendant.

## MEMORANDUM OPINION AND ORDER

BRINKEMA, District Judge.

■ The Court has reviewed the pleadings in this action and determines that oral argument will not be necessary. Defendant has filed two motions, the first of which is his Motion to Vacate the Court's Order Granting Plaintiff's Application for Pseudonym and Strike Plaintiff's Complaint or, in the Alternative, to Clarify by

Protective Order. This Motion is DE-NIED because the record sufficiently establishes that plaintiff and her husband have a substantial privacy interest in being protected from the general public knowing that plaintiff's husband is HIV positive. Being HIV positive carries a significant stigma in many parts of today's society. Given the increase in public access to court docket sheets via electronic means, public disclosure of plaintiff and her husband's identities could subject them to public vilification. Therefore, proceeding anonymously is appropriate.

Defendant's counsel is advised that he has violated the Court's Order of May 1, 1998, by filing in the open file Exhibit 1 to his memorandum, which is a copy of plaintiff's Application for Use of Pseudonym. Plaintiff's name is present throughout Exhibit 1. Such a cavalier attitude to the sensitive issues in this case will not be tolerated. The Court has ordered Exhibit 1 placed under seal and hereby puts counsel on notice that any further violations of orders of this Court or the plaintiff's privacy rights will be severely sanctioned.

As for defendant's request that a protective order be entered to enable defendant to take appropriate discovery using plaintiff's name, we find that counsel should be able to work out the terms of such an order. Therefore, it is hereby

ORDERED that within ten (10) days counsel submit a joint proposed and endorsed Protective Order to the Court for approval.

Defendant has also filed a Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint arguing that plaintiff has failed to state a claim under either the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, or the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, because she failed to allege that she or her husband were "disabled" or "regarded as disabled" under the respective acts. He also argues that plaintiff failed to allege she was denied the full services of a place of public accommodation on the basis of a disability. Lastly, he argues that no damages are recoverable under the Complaint.

■ Upon a careful review of plaintiff's Complaint, we are satisfied that she has adequately plead her case. The law clearly recognizes that an asymptomatic HIV-positive person can be deemed disabled for purposes of the ADA, and that the ADA's definition of disabled is the same as the Rehabilitation Act's definition of "handicapped." *See Bragdon v. Abbott*, 524 U.S. 624, 118 S.Ct. 2196, 2201–02, 141 L.Ed.2d 540 (1998). Moreover, in *Tyndall v. National Education Centers*, the Fourth Circuit recognized that the ADA prohibits adverse actions because of "the known disability of an individual with whom the qualified individual is known to have a relationship or association." 31 F.3d 209, 214 (4th Cir.1994) (citing 42 U.S.C. § 12112(b)(4)); *see also* 42 U.S.C. § 12182(b)(1)(E) ("It shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association.").

■ We also find that defendant is wrong in arguing that a doctor's office does not constitute a place of public accommodation. The ADA explicitly includes a "professional office of a health care provider" within the definition of a place of public accommodation. *See* 42 U.S.C. § 12181(7)(F). The Rehabilitation Act applies as well because plaintiff was a Medicaid patient. *See Sharrow v. Bailey*, 910 F.Supp. 187, 192–193 (M.D.Pa.1995).

■ Lastly, plaintiff seeks compensatory damages which the Fourth Circuit has recognized as available under the Rehabilitation Act. *See Pandazides v. Virginia Board of Education*, 13 F.3d 823, 831–32 (4th Cir.1994). She also seeks injunctive relief which is clearly available under the ADA. *See* 42 U.S.C. § 12117(a) (incorpo-

rating remedies available under 42 U.S.C. § 2000e–5).

For these reasons, we find that plaintiff's Complaint adequately states causes of action for which relief may be granted; therefore, the Defendant's Rule 12(b)(6) Motion to Dismiss is DENIED.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to counsel of record, to place Exhibit 1, attached to defendant's Memorandum of Points and Authorities, under seal, and to remove argument of these motions from the August 14, 1998, calendar.